IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

GINNI RAMOS,                        )      CIVIL NO. 06-00126 HG-LEK
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
SCOTT MURAKAMI,                     )
                                    )
          Defendant.                )
_____    )

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR REMAND OF
IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES,
INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL**

On March 28, 2006, Plaintiff Ginni Ramos ("Ramos") filed the instant Motion for Remand of Improperly Removed Case and for Just Costs and Expenses, Including Attorney's Fees, Incurred Due to the Improper Removal ("Motion"). Chief United States District Helen Gillmor referred the Motion to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules") on March 30, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule LR7.2(d). Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Ramos' Motion be GRANTED IN PART AND DENIED IN PART for the reasons below.

**BACKGROUND**

On December 14, 2005, Ramos filed the instant action in the Circuit Court of the First Circuit of the State of Hawai`i ("First Circuit Court") against her ex-boyfriend, Defendant Scott Murakami ("Murakami").  The Complaint alleged that Ramos was a resident and citizen of California and that Murakami was a resident and citizen of Hawai`i.  [Complaint at ¶¶ 2-3.]  During the course of their relationship, Murakami paid for various expenses that Ramos incurred, including her plastic surgery.  According to Ramos, the payments were gifts for which Murakami did not expect reimbursement.  [Id. at ¶ 6.]  Some months after they parted ways, Murakami asked Ramos to repay the money she owed him.  Ramos agreed that she would try to give him some money for the cost of the plastic surgery, but they did not enter into a written agreement regarding the repayment.  Ramos later declared bankruptcy and informed Murakami that she would not be able to repay him.  Murakami suggested that she design a website for him as repayment of her alleged debt.  Ramos agreed to design the website, but not as repayment.  Ramos worked on the website but did not complete it because Murakami ceased communications with her.  [Id. at ¶¶ 9-11.]

Beginning in January 2003, Murakami and his girlfriend at the time, Stacey Hayashi, made several demands that Ramos repay Murakami.  [Id. at ¶¶ 13-17.]  On March 17, 2003, a "defamatory and libelous website" appeared on the internet,

2

alleging, *inter alia*, that Ramos: owed her ex-boyfriend money; filed for bankruptcy; borrowed money from other boyfriends that she never repaid; and was a prostitute ("the Website"). Ramos alleges that Murakami and Hayashi were responsible for the Website. [<u>Id.</u> at ¶¶ 18, 22-23.] Ramos alleges that the Website was very popular and that the negative exposure which resulted from it caused her to be unable to work and to suffer physical, psychological and emotional pain. [<u>Id.</u> at ¶¶ 25-27, 34.]

The Complaint alleged claims for defamation, invasion of privacy, intentional and negligent infliction of emotional distress, and unlawful pursuit of a discharged debt. [<u>Id.</u> at ¶¶ 35-59.] The Complaint sought various forms of injunctive relief, general, special, and punitive damages in amounts to be proven at trial, costs and expenses, and any other appropriate relief. [<u>Id.</u> at ¶¶ A-H.]

Murakami removed the case on March 1, 2006 based on diversity jurisdiction. Murakami stated that he and Ramos were residents of different states and that the damages sought were presumably in excess of $75,000. [Notice of Removal at ¶ 3.]

Ramos filed the instant Motion on March 28, 2006. Ramos argues that the Court should remand the case pursuant to 28 U.S.C. § 1441(b) because Murakami was a citizen of Hawai`i at the time he filed the Notice of Removal and because Murakami did not establish that the amount in controversy exceeds $75,000.00,

3

exclusive of interest and costs.  Ramos also argues that the case arises out of the same set of facts as a similar action currently pending in First Circuit Court.[1]  Ramos is a defendant in that action and she filed the instant action in an effort to preserve her claims.  Ramos intended to consolidate the two cases and she argues that Murakami removed the instant case to prevent the consolidation.  Finally, Ramos argues that she is entitled to reimbursement of the expenses, including attorney's fees, that she incurred in connection with the removal because the removal was clearly improper.  [Motion at 2.]

On April 14, 2006, Murakami filed his Stipulation to Remand and Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees ("Opposition").  Murakami states that he does not object to the remand of the instant case, but he argues that Ramos is not entitled to her attorney's fees and costs associated with the Motion.  [Opposition at 2.]  Murakami states that he filed the Notice of Removal in good faith.  According to Murakami, Ramos' counsel served an unfiled copy of the Motion on Murakami's counsel on March 28, 2006.  Murakami's counsel attempted in good faith to obtain Ramos' stipulation to a remand.  Ramos' counsel refused to stipulate unless Murakami agreed to pay

---

[1] The companion case is <u>Stacey Hayashi v. Nanette Ikegami, et al.</u>, Civil No. 03-1-2283-11 ("Hayashi Case").  The Hayashi Case was filed on November 14, 2003 and Ramos was served with a copy of the complaint in that case on August 10, 2005.  [Mem. in Supp. of Motion at 1-2.]

Ramos' attorney's fees associated with the Motion.  Murakami argues that Ramos did not need to file the Motion because a stipulation would have resolved the matter.  [Opposition at 4-6.]

Murakami notes that Ramos argued in her Motion that five minutes of cursory research would have alerted Murakami's counsel to the fact that removal was improper.  In light of that fact, Murakami argues that Ramos' lengthy Motion was unnecessary and unreasonable.  He argues that Ramos' counsel could have simply called or written to Murakami's counsel regarding the erroneous removal and that remand could have been accomplished without the Motion.  [Id. at 7-9.]  Murakami also argues that attorney's fees are inappropriate in light of the policies evidenced in Federal Rule of Civil Procedure 11 and Hawai`i Revised Statues § 607-14.5, which allow a party to avoid sanctions or attorney's fees, respectively, by withdrawing the offending document.  [Id. at 9-11.]  Finally, Murakami argues that the instant Complaint is frivolous because it alleges that Ramos learned through discovery in the Hayashi Case that Murakami was involved in the creation of the Website.  He contends that the discovery has in fact shown the opposite.  [Id. at 11-12.]

Ramos filed her reply memorandum to the Opposition ("Reply") on April 26, 2006.  She emphasizes that Murakami has admitted that he lacked any objectively reasonable basis for removing the case.  Ramos therefore argues that, under the

applicable standard, an award of removal related expenses is warranted. [Reply at 2.] She points out that she filed the Motion before Murakami offered to stipulate to the remand and she argues that the Motion was a necessary and reasonable response to the removal. Ramos contends that it is Murakami who has unnecessarily prolonged these proceedings by refusing to pay removal related expenses. Ramos argues that the policy arguments Murakami raises with regard to Rule 11 and § 607-14.5 are irrelevant and that he has ignored the applicable law. Ramos also argues that her claims against Murakami are not frivolous, citing Hayashi's interrogatory responses, which attest to Murakami's involvement in the Website. [Id. at 3-4.]

In addition, Ramos submitted a declaration of counsel stating that Ramos has incurred $3,385.00 in attorney's fees related to the Motion and Reply. [Reply, Decl. of Mark D. Clement ("Clement Decl.") at ¶¶ 8-11.]

## DISCUSSION

### I.   Remand

Murakami removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446. [Notice of Removal at ¶ 8.] Section 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State
> court of which the district courts of the United
> States have original jurisdiction, may be removed
> by the defendant or the defendants, to the
> district court of the United States for the

6

> district and division embracing the place where
> such action is pending.

28 U.S.C. § 1441(a).  Murakami argued that federal jurisdiction

existed based on diversity jurisdiction because he and Ramos are

citizens of different state and the amount in controversy

presumably exceeded $75,000.00.  [Notice of Removal at ¶ 3

(citing 28 U.S.C. § 1332).]

Section 1441(b), however, states that, although cases

based on federal question jurisdiction are removable without

regard to the citizenship or residence of the parties, "[a]ny

other such action shall be removable only if none of the parties

in interest properly joined and served as defendants is a citizen

of the State in which such action is brought."  28 U.S.C. §

1441(b).  Thus, while an in-state plaintiff may invoke diversity

jurisdiction, an in-state defendant may not invoke diversity

jurisdiction through the removal process.  See Lincoln Prop. Co.

v. Roche, 126 S. Ct. 606, 613 (2005).

Murakami is the only defendant is this case and he has

been properly served.  He is a resident of Hawai`i and Ramos

brought the action in a Hawai`i state court.  Murakami's removal

of the instant case was therefore improper under § 1441(b).[2]

This Court finds that the federal court lacks jurisdiction and

---

[2] In light of this finding, the Court need not address
whether the Murakami established that the amount in controversy
exceeded $75,000.00.

7

recommends that the district court remand the case to the First Circuit Court.  See 28 U.S.C. § 1447(c).

## II.  **Entitlement to Removal Expenses**

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Id.  The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (citations omitted).

Insofar as the clear language of § 1441(b) precluded Murakami from removing the instant case based on diversity jurisdiction, this Court finds that he did not have an objectively reasonable basis for seeking removal.  The fact that he subsequently offered to stipulate to the remand is irrelevant. The Court therefore finds that Plaintiff is entitled to her removal related expenses, including attorney's fees.

## II.  **Calculation of Attorney's Fees**

Plaintiff incurred attorney's fees of $3,385.00 in

connection with the Motion and the Reply.[3]  [Clement Decl. at ¶ 11.]

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the

---

[3] The Court notes that the invoice attached to Mr. Clement's declaration shows that his office billed Ramos for $36.10 in costs.  [Exh. 1 to Clement Decl.]  Neither the Reply nor Mr. Clement's declaration, however, refers to this amount or provides any information about the costs.  The Court therefore construes the Motion as requesting only Ramos' attorney's fees incurred in connection with the removal.

> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been
subsumed in the lodestar calculation.  See Morales v. City of San
Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth
Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567
(1992), held that the sixth factor, whether the fee is fixed or
contingent may not be considered in the lodestar calculation.
See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549
(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345
(9th Cir. 1993).  Once calculated, the "lodestar" is
presumptively reasonable.  See Pennsylvania v. Delaware Valley
Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see
also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar
figure should only be adjusted in rare and exceptional cases).

    Although § 1447(c) refers to "actual expenses,
including attorney fees", to interpret that language to require
an award of all attorney's fees incurred, whether reasonable or
not, would be contrary to Ninth Circuit case law.  See Albion
Pac. Prop. Res., LLC v. Seligman, 329 F. Supp. 2d 1163, 1166
(N.D. Cal. 2004).  This Court therefore concludes that the
lodestar analysis applies to requests for attorney's fees
pursuant to § 1447(c).

Ramos requests the following amount for work performed on the Motion and Reply:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Mark C. Clement | 12.1 | $220 | $2,662.00 |
| Unidentified paralegal | 4.7 | $125 | $  587.50 |
| | | Subtotal | $3,249.50 |
| | | Total Hawai`i General Excise Tax | $  135.50 |
| | | TOTAL REQUEST | $3,385.00 |

[Clement Decl. at ¶¶ 8-10.; Exh. 1 to Clement Decl.]

## A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

11

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the prevailing rates in the community and the parties' submissions in this case, this Court finds Mr. Clement's requested hourly rate of $220 to be manifestly reasonable.  The Court, however, finds that the requested hourly rate of $125 for the unidentified paralegal to be unreasonable.  Even though the paralegal is a licensed attorney in Illinois, the paralegal is apparently not a licenced attorney in Hawai`i.  [Clement Decl. at ¶ 9.]  A reasonable hourly rate for a paralegal is $80.

**B.   Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or

12

otherwise reduce, the number of hours claimed to have been spent
on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060
(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed
"excessive, redundant, or otherwise unnecessary" shall not be
compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461
U.S. at 433-34).

This Court finds that the number of hours in the
request is manifestly reasonable.

C.   **Total Award**

Based on the foregoing, this Court finds that Ramos has
established the appropriateness of an award of attorney's fees as
follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark C. Clement | 12.1 | $220 | $2,662.00 |
| Unidentified paralegal | 4.7 | $ 80 | $  376.00 |
| | | Subtotal | $3,038.00 |
| Total Hawai`i General Excise Tax of 4.166% | | | $  126.56 |
| | | TOTAL | $3,164.56 |

Having considered the applicable Kerr factors, this
Court finds it unnecessary to adjust the lodestar amount.  This
Court therefore finds that Ramos' request for attorney's fees
should be granted in part and denied in part.  The Court
recommends that the district court award her $3,164.56 in
attorney's fees.

13

## CONCLUSION

Based on the foregoing, this Court FINDS that Defendant Scott Murakami improperly removed the instant case and RECOMMENDS that Plaintiff Ginni Ramos' Motion for Remand of Improperly Removed Case and for Just Costs and Expenses, Including Attorney's Fees, Incurred Due to the Improper Removal, filed March 28, 2006, be GRANTED IN PART AND DENIED IN PART.

The Court recommends that the district court GRANT Ramos' request to remand the instant case to the First Circuit Court.  The Court also recommends that Ramos' request for attorney's fees be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district court award Ramos attorney's fees in the amount of $3,164.56.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 22, 2006.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GINNI RAMOS V. SCOTT MURAKAMI; CIVIL NO. 06-00126 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED DUE TO THE IMPROPER REMOVAL**